GARY M. RESTAINO
United States Attorney
District of Arizona
AMY C. CHANG
Arizona State Bar No. 027566
DAVID A. PIMSNER
Arizona State Bar No. 007480
RAYMOND K. WOO
Arizona State Bar No. 023050
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: amy.chang@usdoj.gov
Email: david.pimsner@usdoj.gov
Email: raymond.woo@usdoj.gov
Attorneys for Plaintiff

X FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 0 6 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______________ DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

1. Abraham Chol Keech,
(Counts 1 through 3)

and

2. Peter Biar Ajak,
(Counts 1 through 3)

Defendants.

No. CR-24-00394-PHX-SPL (MTM)

**INDICTMENT**

VIO: 22 U.S.C. § 2778(b)(2), (c); and 22 C.F.R. Parts 121.1, 123.1, 126.1, 127.1(a)(4), and 127.3
(Conspiracy to Violate the Arms Export Control Act and the International Traffic in Arms Regulations)
Count 1

50 U.S.C. §§ 4819(a)(1), 4819(a)(2)(D), and 4819(b); and 15 C.F.R. Parts 736.2(b)(1) and 774, Supp. No. 1
(Conspiracy to Violate the Export Control Reform Act and the Export Administration Regulations)
Count 2

18 U.S.C. § 554(a)
(Smuggling of Goods from the United States)
Count 3

18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, 22 U.S.C. § 401, 28 U.S.C. § 2461(c), and 50 U.S.C. § 4819(d)
(Forfeiture Allegation)

THE GRAND JURY CHARGES:

**COUNT 1**

**Conspiracy to Violate the Arms Export Control Act (AECA) and the International Traffic in Arms Regulations (ITAR)**

Beginning no later than on or about February 20, 2023, and continuing to on or about March 1, 2024, in the District of Arizona and elsewhere, ABRAHAM CHOL KEECH and PETER BIAR AJAK, together with others known and unknown, did willfully conspire to export and cause to be exported from the United States to the Republic of South Sudan various defense articles, including AK-47 rifles (fully automatic), PKM rifles (fully automatic), RPG-7 launchers, PG-7 HE rounds, FIM-92 Stinger systems, M-67 hand grenades, and PG-7VT / PG-7T AT rounds, without first obtaining the required license or written approval for such export from the United States Department of State, Directorate of Defense Trade Controls.

In violation of Title 22, United States Code, Sections 2778(b)(2), (c); and Title 22, Code of Federal Regulations, Parts 121.1, 123.1, 126.1, 127.1(a)(4), and 127.3.

**COUNT 2**

**Conspiracy to Violate the Export Control Reform Act (ECRA) and the Export Administration Regulations (EAR)**

Beginning no later than on or about February 20, 2023, and continuing to on or about March 1, 2024, in the District of Arizona and elsewhere, ABRAHAM CHOL KEECH and PETER BIAR AJAK, together with others known and unknown, did knowingly and willfully conspire to export and cause to be exported from the United States to the Republic of South Sudan various items subject to the EAR, including PSL sniper rifles, 7.62 x 39 mm ammunition, and 7.62 x. 54 mm ammunition, without first obtaining the required license or authorization from the United States Department of Commerce.

In violation of Title 50, United States Code, Sections 4819(a)(1), 4819(a)(2)(D), and 4819(b); and Title 15, Code of Federal Regulations, Parts 736.2(b)(1) and 774, Supp. No. 1.

## COUNT 3

### Smuggling of Goods from the United States

Beginning no later than on or about February 20, 2023, and continuing to on or about March 1, 2024, in the District of Arizona and elsewhere, ABRAHAM CHOL KEECH and PETER BIAR AJAK, together with others known and unknown, did fraudulently and knowingly buy and facilitate the transportation and concealment of merchandise, namely AK-47 rifles (fully automatic), PKM rifles (fully automatic), RPG-7 launchers, PG-7 HE rounds, FIM-92 Stinger systems, M-67 hand grenades, PSL sniper rifles, 7.62 x 39 mm ammunition, and 7.62 x. 54 mm ammunition, prior to exportation, knowing the same to be intended for exportation from the United States to the Republic of South Sudan contrary to the AECA, Title 22, United States Code, Section 2778, the ITAR, Title 22, Code of Federal Regulations, Parts 120-130, the ECRA, Title 50, United States Code, Section 4819, and the EAR, Title 15, Code of Federal Regulations, Parts 730-774.

In violation of Title 18, United States Code, Section 554(a).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 3 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; Title 22, United States Code, Section 401; Title 28, United States Code, Section 2461(c); and Title 50, United States Code, Section 4819(d), and upon conviction of one or more of the offenses alleged in Counts 1 through 3 of this Indictment, the defendant(s) shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s), including the following: (a) any articles intended to be or are being or have been exported or removed from the United States in violation of law; (b) any vessel, vehicle, or aircraft containing the same which has been or is being used in exporting or attempting to export such articles;

(c) all money or other property that constitutes or is derived from proceeds traceable to a violation of a statute listed in Title 18, United States Code, Section 981(a)(1)(C), and (d) any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of Title 50, United States Code, Section 4819(b), or constituting or traceable to gross proceeds thereof, or constituting an item or technology that is exported or intended to be exported in violation thereof, including, but not limited to the sum of money representing the amount of money involved in the offense(s) and the property named below.

A sum of money equal to at least $1,972,975.00 in United States currency, representing the amount of money involved in the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

//

//

//

//

//

//

All in accordance with Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; Title 22, United States Code, Section 401; Title 28, United States Code, Section 2461(c); Title 50, United States Code, Section 4819(d); and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: March 6, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona

/S/
AMY C. CHANG
DAVID A. PIMSNER
RAYMOND K. WOO
Assistant U.S. Attorneys