Altman
LAW & POLICY

**KURT M. ALTMAN, P.L.C.**
Kurt M. Altman (015603)
Ashley Fitzwilliams (035555)
12621 N. Tatum Blvd., #102
Phoenix, AZ 85032
Admin@altmanaz.com
Phone: (602) 689-5100
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Peter Biar Ajak,<br>Defendant. | CR-24-00394-PHX-SPL-2<br><br>**DEFENDANT'S DETENTION MEMORANDUM** |

Peter Biar Ajak, by and through undersigned counsel, hereby files this Detention Memorandum and asks this Court to release Mr. Ajak pursuant to the terms of the Bail Reform Act codified in 18 U.S.C. § 3142. Mr. Ajak is neither a flight risk nor danger to the community and should be released on his own recognizance. At a minimum, there are conditions or a combination of conditions that would assure Mr. Ajak's appearance before this Court for all future dates.

This Memorandum and request for release is supported by the attached Memorandum of Points and Authorities.

///

///

///

RESPECTFULLY SUBMITTED this 14th day of March 2024.

**KURT M. ALTMAN, P.L.C.**

*/s/ Kurt M. Altman*__________
Kurt M. Altman
Ashley Fitzwilliams
*Attorneys for Defendant*

I hereby certify that on the 14th day of March 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Steven P. Logan
United States District Court Judge
logan_chambers@azd.uscourts.gov

Honorable Eileen S. Willett
United States Magistrate Judge
Willett_chambers@azd.uscourts.gov

David Pimsner
Assistant United States Attorney
David.Pimsner@usdoj.gov

Amy Chang
Assistant United States Attorney
Amy.Chang@usdoj.gov

Raymond Woo
Assistant United States Attorney
Raymond.Woo@usdoj.gov

By: */s/ Kurt M. Altman*__________

KURT M. ALTMAN, P.L.C.
12621 N Tatum Blvd., #102
Phoenix, AZ 85032
(602) 689-5100

KURT M. ALTMAN, P.L.C.
12621 N TATUM BLVD., #102
PHOENIX, AZ 85032
(602) 689-5100

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND:

On March 1, 2024, Mr. Ajak (and his co-defendant, Mr. Abraham Chol Keech) were arrested by agents of the Department of Homeland Security while visiting Phoenix, Arizona. The arrest was based on a federal criminal complaint signed by United States Magistrate Judge Michael T. Morrissey on February 29, 2024. The complaint included three violations of United States criminal code. Count One alleged a violation of U.S.C. §§ 2778(b)(2), (c), Conspiracy to Violate the Arms Export Control Act (AECA) and the International Traffic in Arms Regulations (ITAR); Count Two alleged a violation of 50 U.S.C. §§ 4819(a)(1), 4819(a)(2)(D), and 4819(b), Conspiracy to Violate the Export Control Reform Act (ECRA) and the Export Administration Regulations (EAR); and Count Three alleged a violation of 18 U.S.C. § 544(a), Smuggling of Goods from the United States.

Mr. Ajak had his initial appearance on March 4, 2024, before United States Magistrate Judge Deborah M. Fine, and she set a Detention Hearing for March 8, 2024. Subsequent to the March 6, 2024, Indictment, which alleged identical allegations as the criminal complaint, an Arraignment Hearing and Detention hearing were set for March 15, 2024, before United States Magistrate Judge Eileen S. Willett.

### II. HISTORY AND CHARACTERISTICS OF MR. AJAK:

Mr. Ajak has had a diverse and inspiring collection of life experiences – he spent nine years in a Kenyan refugee camp as a child, separated from his family; he resettled to the U.S. with only the clothes on his back; he is a graduate of some of the most elite academic institutions in the U.S. and U.K.; he is the Founder and Chairman of an organization that brought together young leaders across the many tribes of South Sudan, something that simply had not been done; he was a political prisoner for a year-and-and-a-half under brutal conditions, including five months in solitary

KURT M. ALTMAN, P.L.C.
12621 N TATUM BLVD., #102
PHOENIX, AZ 85032
(602) 689-5100

confinement in a cell that was just 1.7 m (5.5 feet) by 0.9 m (3 feet); he was forced into political exile; and then was targeted by his country's president for political assassination. And Peter is only 40 years old. These experiences have provided him enormous wisdom, patience, and grace. And he has the maturity, judgment, and analytical skills of someone many years his senior.

He is described as a "South Sudanese peace activist, scholar and former political prisoner who was arbitrarily detained in South Sudan from July 2018 to January 2020." https://en.wikipedia.org/wiki/Peter_Biar_Ajak. Mr. Ajak is an extraordinary leader whose courage, brilliance, charisma, and relentless and incisive criticism of South Sudan President Kiir has made him a mortal threat to Kiir's iron grip on power. Despite having been imprisoned, tortured, and pursued by a death squad to be murdered on the orders of the President, Mr. Ajak has never given up.

Mr. Ajak is highly educated. He holds a bachelor's degree in economics from La Salle University, a Masters in Public Administration in International Development from the John F. Kennedy School of Government at Harvard, and PhD from the University of Cambridge, Trinity College. He currently lives in Maryland with his wife and four children. At the time of his arrest, Mr. Ajak was employed as a Fellow with the John F. Kennedy School of Government at Harvard University.

**III. LAW:**

In determining whether to detain or release a defendant, the court must consider: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." 18 U.S.C. § 3142(g), *United States v. Cardenas,* 784 R.2d 937, 938-939 (9th Circ. 1986). A judicial

KURT M. ALTMAN, P.L.C.
12621 N TATUM BLVD., #102
PHOENIX, AZ 85032
(602) 689-5100

officer "*shall* order the pretrial release of the person on personal recognizance . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the court finds personal recognizance will not assure the defendant's appearance or protect the community from danger, the "judicial officer shall order the pretrial release of the person … subject to the *least restrictive* further condition, or combination of conditions" the court determines "will reasonably assure the appearance of the person as required and the safety of … the community." 18 U.S.C. § 3142(c)(1)(B). The government bears the burden of establishing by a preponderance of the evidence that the defendant is a flight risk and by clear and convincing evidence that he is a danger. *United States v. Aitkens,* 898 F.2d 104, 107 (9th Cir. 1990).

Finally, and maybe most importantly in the present matter, it is well established that the weight of the evidence is the ***least*** important of the factors to be considered by the judicial officer. "Section 3142 neither requires nor permits a pretrial determination that the person is guilty." *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir. 1986).

**IV. ARGUMENT:**

Mr. Ajak should be released as he poses no risk of nonappearance for court proceedings and no danger to the community. His history and characteristics show him to be an educated, active and contributing member of society who works to provide for his family. As stated in the Pretrial Services Report (Dkt. 7), Mr. Ajak is legally present in the United States because he was granted asylum in August of 2023 because he has been marked for assassination by the not democratically elected ruling regime of South Sudan. So, not only he must remain in the United States because of his asylum status, but he will remain in the United States because it is one of the few places in the world that he and his family are safe.

KURT M. ALTMAN, P.L.C.
12621 N TATUM BLVD., #102
PHOENIX, AZ 85032
(602) 689-5100

In its Detention Memorandum (Dkt. 22), the government argues that Mr. Ajak should be detained as both a flight risk and a danger. To meet their burden, they rely exclusively on the allegations levied against Mr. Ajak. The first nine pages of the memorandum is nothing more than a regurgitated rewrite of the criminal complaint allegations. The complaint (Dkt. 3), is cited approximately 25 times as support for detention, despite the allegations being the ***least*** important factor when determining release and the factor to be given the ***least*** weight by the court. *See United States v. Winsor,* 785 F.2d at 757. The government calls Mr. Ajak a "significant flight risk" and support that allegation with reference to other unproven allegations from the complaint. (Dkt. 22 at 9-12). The same applies to the government's argument that Mr. Ajak is a danger to the community. They again support that allegation with citations to the unproven allegations of the complaint. (Dkt. 22 at 12-14). The allegations they rely on cannot be effectively addressed by the defense in a detention hearing as discovery has not even begun. Ultimately, the government argued that Mr. Ajak should be detained because they believe he is guilty; yet, to date, nothing has been proven.

Mr. Ajak is confident that when the focus is on the essential factors listed in 18 U.S.C. § 3142(g) it is clear his release is appropriate and warranted under the law.

**A. Mr. Ajak's history and characteristics indicate he is not a flight risk nor a danger to the community.**

As repeatedly pointed out in the Pretrial Services Report, Mr. Ajak came to the United States as a teenager. He graduated from high school and went on to obtain numerous advanced degrees culminating in a PhD. (Dkt. 7 at 2). He has worked his entire adult life as a peace activist trying to bring democracy to his native land. He is present in the United States on asylum status and therefore cannot travel without jeopardizing that status and his life. He lives with his wife Nyathon Mai (also present in the U.S. on asylum status) and their four children in Maryland. (Dkt. 7 at 2). In addition to

KURT M. ALTMAN, P.L.C.
12621 N TATUM BLVD., #102
PHOENIX, AZ 85032
(602) 689-5100

his household, Mr. Ajak has all his close immediate family present here in the United States. His mother splits time residing with he and his sister, Alakiir Ajak, who is a nurse and U.S. citizen who lives in California with her husband. If the Court believes Mr. Ajak's wife is not a suitable third-party custodian for him, surely his sister is.

Moreover, Mr. Ajak does not have the ability to flee from the United States. First, Mr. Ajak's arrest became worldwide news, including in South Sudan. This publicity, especially in South Sudan, makes the world outside the United States much more dangerous for him. The best place for the security of he and his family is right here in the United States. Furthermore, on the day of his arrest, federal authorities conducted a search warrant at his home in Maryland. During that search, Mr. Ajak's South Sudanese passport (his only passport) was collected. So, Mr. Ajak has no ability to leave the United States as his only passport is in the possession of the government.

Nothing in Mr. Ajak's history indicates he would fail to appear as instructed. However, should this Court have even the slightest concerns about Mr. Ajak's likelihood to appear before the court, those concerns could be even further mitigated by additional conditions of release. Someone—his wife or sister—could be evaluated as an appropriate third-party custodian. Mr. Ajak could be outfitted with a GPS monitoring system that would always alert Pretrial Services to his whereabouts. This Court has a myriad of options to assure his appearance.

Finally, Mr. Ajak poses no danger to any community. As the Pretrial Services Report clearly stated, "there are no known factors indicating the defendant poses a risk of danger to the community." (Dkt. 7 at 4). The government's argument that the unproven allegations in the complaint are sufficient to prove by clear and convincing evidence that Mr. Ajak poses a danger is without merit.

KURT M. ALTMAN, P.L.C.
12621 N TATUM BLVD., #102
PHOENIX, AZ 85032
(602) 689-5100

**V. CONCLUSION:**

For the reasons stated herein, defendant, Mr. Peter Biar Ajak, respectfully requests that he be released from detention pursuant to the terms of the Bail Reform Act codified in 18 U.S.C. § 3142, pending conclusion of this case.

RESPECTFULLY SUBMITTED this 14th day of March 2024.

**KURT M. ALTMAN, P.L.C.**

*/s/ Kurt M. Altman*__________
Kurt M. Altman
Ashley Fitzwilliams
*Attorneys for Defendant*

I hereby certify that on the 14th day of March 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Steven P. Logan
United States District Court Judge
logan_chambers@azd.uscourts.gov

Honorable Eileen S. Willett
United States Magistrate Judge
Willett_chambers@azd.uscourts.gov

David Pimsner
Assistant United States Attorney
David.Pimsner@usdoj.gov

Amy Chang
Assistant United States Attorney
Amy.Chang@usdoj.gov

Raymond Woo
Assistant United States Attorney
Raymond.Woo@usdoj.gov

By: */s/ Kurt M. Altman*________