TIMOTHY COURCHAINE
United States Attorney
District of Arizona
AMY C. CHANG
Arizona State Bar No. 027566
RAYMOND K. WOO
Arizona State Bar No. 023050
M. BRIDGET MINDER
Arizona State Bar No. 023356
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: amy.chang@usdoj.gov
Email: raymond.woo@usdoj.gov
Email: bridget.minder@usdoj.gov

SUE BAI
Supervisory Official
National Security Division
LESLIE C. ESBROOK
New York State Bar No. 5406301
District of Columbia Bar No. 1670737
CHRISTOPHER M. COOK
District of Columbia Bar No. 90013354
Trial Attorneys
Counterintelligence and Export Control Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Email: Leslie.Esbrook@usdoj.gov
Email: Christopher.Cook7@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Abraham Chol Keech, and

Peter Biar Ajak,

Defendants.

CR-24-00394-PHX-SPL

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE POSSIBLE EXPERT TESTIMONY:**

**ALEX J. DOUVILLE**

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States hereby gives notice of its intent to present testimony that may fall under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief and/or in rebuttal at trial. The government does not concede this witness is an expert but discloses his testimony in an abundance of caution. The government reserves the right to supplement this notice.

**Alex J. Douville, Deputy Director of Licensing,**
**U.S. Directorate of Defense Trade Controls, U.S. Department of State**

Mr. Douville is currently the Deputy Director of Licensing in the Defense Trade Controls Licensing ("DTCL") division within the Directorate of Defense Trade Controls ("DDTC") at the U.S. Department of State. The State Department and its subagency, DDTC, housed within the Bureau of Political-Military Affairs, ensure that any authorized commercial export of defense articles or services is consistent with U.S. national security and foreign policy objectives. DDTC is responsible for implementing section 38 of the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, and administering the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130. Among other things, DDTC regulates and authorizes certain export from the United States. The ITAR contains the U.S. Munitions List ("USML"), which identifies items that have been designated as defense articles or defense services and which require a license or other authorization from DDTC to be exported from the United States.

Mr. Douville has over 14 years of experience working on export control issues and adjudicating license applications. Mr. Douville has overseen several DDTC teams in their assessments and determinations of ITAR licenses and has assessed, assisted, or reviewed tens of thousands of ITAR license applications and USML classification determinations at DDTC. His testimony will be based on his lengthy experience in export compliance, specializing in the ITAR, and his current role as Deputy Director of Licensing at DDTC. Further details of Mr. Douville's qualifications are contained in his CV, which is being provided to defense counsel via email. The government intends to elicit the following

opinions from Mr. Douville based on his experience as described in his CV:

1. **The purpose, function, and structure of the USML:** The government anticipates Mr. Douville will testify as to why certain articles and services are controlled for export under the ITAR and designated on the USML, how the ITAR implements the AECA, and how the AECA and ITAR help support U.S. national security and foreign policy objectives. Mr. Douville will testify that the ITAR exists to protect U.S. national security, technical data, and the United States' competitive edge. The ITAR controls the most sensitive U.S. technology and military equipment, and the State Department's export controls are necessary to protect against the transfer of items to or for unauthorized users or uses.

Mr. Douville will testify that the AECA, among other things, authorizes the President to: (1) designate defense articles on the USML; (2) promulgate regulations for their export; and (3) require a license or other authorization for their export. *See* 22 U.S.C. §§ 2778(a)-(b). The President delegated this authority to the U.S. Secretary of State, who further delegated certain authorities to DDTC. As a result, DDTC is primarily responsible for promulgating, administering, and implementing the AECA via regulations that control the export of defense articles and services known as the ITAR, 22 C.F.R. §§ 120-130. As part of the ITAR, the USML enumerates categories of items that are considered "defense articles" or "defense services." 22 C.F.R. § 121.1. The USML is organized into twenty-one categories, including firearms, guns, ammunition, and explosives.

2. **The export controls at issue in this case**: The government anticipates Mr. Douville will testify that, during the relevant time period, based on his review of the facts of this case and the articles attempted for export by the defendants, including photographs of the items as sent to defendants, as well as specification sheets for the items, the following items were subject to the jurisdiction of the Department of State in accordance with the ITAR: (1) AK-47 rifles (fully automatic); (2) PKM rifles (fully automatic); (3) RPG-7 launchers; (4) PG-7 HE rounds; (5) FIM-92 Stinger systems; (6) M-67 hand grenades; and (7) PG-7VT/PG-7T AT rounds. Mr. Douville will testify that during the relevant time

period, a license or other authorization from DDTC was required to export the defense articles identified above to South Sudan for reasons described below:

- AK-47 rifles (fully automatic): Category I(b) as "[f]ully automatic firearms to .50 caliber (12.7 mm) inclusive";
- PKM rifles (fully automatic): Category I(b) as "[f]ully automatic firearms to .50 caliber (12.7 mm) inclusive";
- RPG-7 launchers: Category IV(b)(2) as "Fixed launch sites and mobile launcher mechanisms for any system enumerated in paragraphs (a)(3) through (a)(5) of . . . [Category IV] (e.g., launch tables, TOW missile, MANPADS)";
- PG-7 HE rounds: Category IV(a)(4) as "[a]nti-tank missiles and rockets" or IV(a)(5) as "[r]ockets, SLVs, and missiles not meeting the criteria of paragraphs (a)(1) through (a)(4) of . . . [Category IV]";
- FIM-92 Stinger systems: Category IV(a)(3) as "[m]an-portable air defense systems (MANPADS)";
- M-67 hand grenades: Category IV(a)(12) as "[f]ragmentation and high explosive hand grenades"; and
- PG-7VT/PG-7T AT rounds: Category IV(a)(4) as "[a]nti-tank missiles and rockets" or IV(a)(5) as "[r]ockets, SLVs, and missiles not meeting the criteria of paragraphs (a)(1) through (a)(4) of . . . [Category IV]."

3. **The DDTC registration and licensing process**: Mr. Douville will testify that under the AECA and 22 C.F.R. § 122.1, registration with DDTC is required for anyone in the business of, among other things, manufacturing or exporting defense articles or furnishing defense services. Registration is a prerequisite to obtaining a license or authorization. He will further testify that there are country-specific policies for license determinations that are set out by regulation or statute, as reflected in 22 C.F.R. § 126.1, and that exports to South Sudan have a policy of denial, subject to limited exceptions, as listed in 22 C.F.R. § 126.1(d)(2) Table 2 and explained in 22 C.F.R. § 126(w). Applications

for export licenses to countries subject to a policy of denial receive heightened scrutiny.

4. **Defendants' license and registration history:** The government also anticipates that Mr. Douville will testify as a fact witness, based on his personal knowledge, about Defendants Ajak and Keech's licensing and registration history (or lack thereof) with DDTC. Mr. Douville will testify that investigative agents submitted search terms to query registration and licensing information. Mr. Douville utilized a team of dedicated IT specialists to conduct licensing and registration checks. He utilized search criteria and searched for specific names and variations for any responsive records. Based on that review of internal State Department systems, Mr. Douville will testify that neither defendant applied for or received a license to export any items from the United States to South Sudan or any other country, nor did they register with DDTC as would be required prior to export.

****

Mr. Douville's qualifications are listed on the CV incorporated in this notice and provided to defendants under separate cover. Mr. Douville has not authored any publications within the last 10 years. A list of cases in which he has testified as an expert at trial in during the previous 4 years can be found on page 1 of his CV.

Alex J. Douville
Deputy Director of Licensing
Directorate of Defense Trade Controls
U.S. Department of State

///

///

///

///

///

///

Respectfully submitted this 16th day of May, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/M. Bridget Minder*
AMY C. CHANG
RAYMOND K. WOO
M. BRIDGET MINDER
Assistant U.S. Attorneys

LESLIE C. ESBROOK
CHRISTOPHER M. COOK
Trial Attorneys, National Security Division

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Richard C. Bock and Dominic Rizzi, *Attorneys for Abraham Keech*
Kurt Altman, *Attorney for Peter Ajak*

*s/ Alexandria Gaulin*
U.S. Attorney's Office