☒ FILED ☐ LODGED
Aug 07 2025
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
AMY C. CHANG
Arizona State Bar No. 027566
RAYMOND K. WOO
Arizona State Bar No. 023050
M. BRIDGET MINDER
Arizona State Bar No. 023356
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: amy.chang@usdoj.gov
Email: raymond.woo@usdoj.gov
Email: bridget.minder@usdoj.gov

JOHN EISENBERG
Assistant Attorney General
National Security Division
LESLIE C. ESBROOK
New York State Bar No. 5406301
District of Columbia Bar No. 1670737
CHRISTOPHER M. COOK
District of Columbia Bar No. 90013354
Trial Attorneys
Counterintelligence and Export Control Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Email: Leslie.Esbrook@usdoj.gov
Email: Christopher.Cook7@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>2. Peter Biar Ajak,<br><br>Defendant. | CR-24-00394-PHX-SPL-002<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Peter Biar Ajak, hereby agree to resolve this matter on the following terms and conditions:

**1. PLEA**

The defendant will plead guilty to Count 1 of the superseding indictment charging the defendant with Conspiracy to Violate the Arms Export Control Act (AECA) and the International Traffic in Arms Regulations (ITAR), in violation of Title 18, United States Code, Section 371, a Class D felony offense; and Count 2 of the superseding indictment charging the defendant with Conspiracy to Violate the Export Control Reform Act (ECRA) and the Export Administration Regulations (EAR), in violation of Title 50, United States Code, Sections 4819(a)(1), (a)(2)(D), and (b); and Title 15, Code of Federal Regulations, Parts 736.2(b)(1) and 774, Supp. No. 1, a Class C felony offense.

**2. MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. § 371 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of five years, or both, and a term of supervised release of three years. A violation of 50 U.S.C. § 4819(a)(1), (a)(2)(D), and (b); and 15 C.F.R. Parts 736.2(b)(1) and 774, Supp. No. 1, is punishable by a maximum fine of $1,000,000, a maximum term of imprisonment of twenty years, or both, and a term of supervised release of three years. A maximum term of probation on both counts is five years (including a minimum term of one year if probation is imposed).

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status that are outside the control of the United States Attorney's Office for the District of Arizona (USAO). Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that his guilty plea and conviction for these offenses make it practically inevitable and a virtual certainty that he will be placed into removal proceedings upon his release from any custodial sentence the Court may order in this case. The defendant agrees that he has discussed this eventuality with his attorney. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is his removal from the United States.

e. The USAO understands that the defendant received Significant Public Benefit Parole in 2020 and was granted asylum in the United States in 2023. The USAO is aware that the defendant is a former political prisoner of the government of South Sudan and that he has been previously subject to arrest or detention in that country. The USAO understands that the defendant reasonably believes he could face the intentional infliction of severe pain and suffering by or at the acquiescence of the current South Sudanese government if he is returned to South Sudan. *See* 8 C.F.R. § 1208.18(a)(1). The USAO understands the defendant may argue in any subsequent removal proceedings for withholding or deferral of removal under the provisions of the International Convention Against Torture, 8 C.F.R. §§ 1208.16, 1208.17.

**3. AGREEMENTS REGARDING SENTENCING**

a. Stipulation: Agreement Contingent on Plea by Co-Defendant: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that this plea agreement is contingent on a guilty plea being entered by co-defendant, Abraham Chol Keech, and Keech's guilty plea being accepted by the Court. The defendant understands that if Keech does not accept his plea agreement for any reason or does not enter a guilty plea, the United States may, but is not required to, withdraw from this plea agreement with the defendant, in which case the parties would not be bound by the terms of this plea agreement, including the stipulations, recommendations, or other agreements herein, or any of the facts contained in the factual basis. If Keech withdraws his guilty plea, or if the Court rejects Keech's guilty plea, the United States may, but is not required to, withdraw from this plea agreement with the defendant. Only the United States, not the defendant, may elect to withdraw from this plea agreement.

b. Stipulation: Ineligibility for Adjustment for Certain Zero-Point Offenders (§ 4C1.1). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant is not eligible for a downward adjustment pursuant to U.S.S.G. § 4C1.1(a)(7), as defendant's offense involved possessing, receiving, purchasing, transporting, or transferring a firearm or other dangerous weapon (or inducing another person to do so).

c. No Agreements Regarding the Defendant's Sentence. The parties agree that there are no agreements regarding the defendant's sentence.

d. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,

the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

e. Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

f. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss Counts 3 and 4 of the superseding indictment as to this defendant in CR-24-00394-PHX-SPL.

b. Additionally, this office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States (as detailed in the discovery provided by the United States to the defendant during this case), in connection with the charges in the superseding indictment.

c. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6. WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the superseding indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This

waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7. DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and

shall not be a limitation on the methods available to the United States to enforce the judgment.

b. The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the following property:

> $1,972,975 in U.S. currency seized from the bank account of U.S. Company-1 on March 1, 2024.

c. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, Title 22 U.S.C. § 401, Title 28 U.S.C. § 2461(c), and Title 50 U.S.C. § 4819.

d. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an

excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

g. The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

h. The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**9. ELEMENTS**

To prove the crime of Conspiracy to Violate the AECA and the ITAR, in violation of 18 U.S.C. § 371, the United States must prove the following elements beyond a reasonable doubt:

1. Beginning no later than on or about February 20, 2023, and continuing to on or about March 1, 2024, in the District of Arizona and elsewhere, an agreement was formed between two or more persons to willfully export or cause to be exported from the United States a defense article listed on the United States Munitions List without obtaining the requisite license or written approval from the United States;
2. The defendant became a member of the conspiracy knowing that one of its objects was to commit the crime of exporting or causing the export of defense articles without lawful authority and intended to help accomplish it; and
3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

To prove the crime of Conspiracy to Violate the ECRA and the EAR, in violation of 50 U.S.C. § 4819(a)(1), (a)(2)(D), and (b); and 15 C.F.R. Parts 736.2(b)(1) and 774, Supp. No. 1, the United States must prove the following elements beyond a reasonable doubt:

1. Beginning no later than on or about February 20, 2023, and continuing to on or about March 1, 2024, in the District of Arizona and elsewhere, an agreement was formed between two or more persons to willfully export or cause to be exported from the United States an article listed on the Commerce Control List;
2. Without obtaining a license or written approval for the export from the United States Department of Commerce;

3. The defendant became a member of the conspiracy knowing that one of its objects was to commit the crime of exporting or causing the export of controlled articles without lawful authority and intended to help accomplish it; and
4. The defendant did so willfully.

**10. <u>FACTUAL BASIS</u>**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> From at least February 20, 2023, to March 1, 2024, I conspired with Abraham Chol Keech and others to purchase, export, or cause to be exported various weapons and ammunition from the United States to the Republic of South Sudan. My co-conspirators and I wanted to cause the illegal export of these weapons and ammunition to arm opposition groups seeking to effect a non-democratic regime change in South Sudan. Following this non-democratic regime change, I intended to take power as South Sudan's interim president.
>
> These weapons and ammunition included AK-47 rifles (fully automatic), PKM rifles (fully automatic), RPG-7 launchers, PG-7 HE rounds, FIM-92 Stinger missile systems, M-67 hand grenades, PG-7VT / PG-7T AT rounds, PSL sniper rifles, 7.62 x 39 mm ammunition, and 7.62 x 54 mm ammunition. The total cost for the weapons and ammunition was $3,972,975.
>
> These weapons and ammunition are designated as defense articles on the United States Munitions List or listed on the Commerce Control List. I knew that these weapons and ammunition required a license from the U.S. Department of State or the U.S. Department of Commerce before they could be exported from the United States to South Sudan, and that neither I nor anyone else connected with the scheme had obtained such licenses. For example, on December 22, 2023, an undercover agent in Phoenix, Arizona, who was posing as a weapons dealer, told me that shipping the weapons and ammunition was illegal because the items require a license to the leave the country. Similarly, during a February 22, 2024, meeting in Phoenix, Arizona, the undercover agent told me that the weapons purchase was illegal, the weapons required export licenses that the agent had not obtained, and the agent would have to bribe United States military members to get the weapons from the United States to South Sudan.

> When planning the purchase and export of the $3,972,975 in weapons and ammunition, my co-conspirator Abraham Chol Keech and I did not believe we were doing so on behalf of, or with permission from, an authorized federal government official or agent of the federal government. Rather, because we knew that exporting the weapons and ammunition without the required licenses was illegal, Keech and I agreed to disguise the shipment as items related to humanitarian activities in South Sudanese refugee camps. This effort, which I took part in, included creating a fictitious $3,972,975 invoice for "consulting services" related to "human rights, humanitarian, and civic engagement" and associated items, when in fact the payments would be for the weapons and ammunition described above.
>
> I also solicited funds to pay for the weapons and ammunition and other expenses related to effecting a non-democratic regime change. Between on or about February 19, 2024, and February 26, 2024, I caused $2 million to be transferred to the undercover agent in partial payment for the weapons and ammunition. The $2 million was paid in four separate installments and was made in furtherance of the conspiracy. Another $1,972,975, which was seized from the bank account of U.S. Company-1, would have been used to fulfill the remainder of the purchase contract.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or

depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

07/28/2025
Date

PETER BIAR AJAK
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

08/04/2025
Date

KURT M. ALTMAN
Attorney for Defendant

///

///

///

///

///

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

08/04/2025
Date

AMY C. CHANG
RAYMOND K. WOO
M. BRIDGET MINDER
Assistant U.S. Attorneys
LESLIE C. ESBROOK
CHRISTOPHER M. COOK
Trial Attorneys, National Security Division

**ACCEPTANCE BY THE COURT**

8/7/2025
Date

HONORABLE STEVEN P. LOGAN
United States District Judge